Martin, J.
delivered the opinion of the court. The plaintiff obtained a judgment in the district court, and the defendant prayed an appeal, giving bond and security, in order to stay the execution. The appeal was made returnable to the first day of this term, The record was brought up, by the plaintiff and appellee, who had been cited to appear here.The clerk deeming it improper to receive a record, which was not brought up by the appellant, this court is moved for an order, that it may be received and docketed.
The 10th section of the court law of 1813, makes it a duty of the appellant, to return the petition of appeal, and the transcript of the proceedings on the return day thereof, in the supreme court, and it provides that, on the filing of these papers, the adverse party may appear and answer.
The 9th makes it the duty of the clerk of the district court, to make a transcript, to be delivered to the appellant, and provides, that if the latter does not prosecute this appeal, (in *220 the manner described by the act) the appeal bond may be delivered to the adverse party, to be put in suit.
The third section of the supplementary act directs, that where an appellant should not prosecute his appeal, within the delay fixed by law, the adverse party may, on proving the fact, obtain from the district court an order of execution of its judgment, without prejudice to his right on the bond.
It is clear from the above, that the appeal, after it has been granted, and the bond with security given, must be prosecuted by the appellant, and that the appellee is not to appear and answer, until the appellant so far prosecutes the appeal, as to file the transcript. For the appellant's failure to prosecute the appeal, the law at first provided no other penalty, than the forfeitnre of the bond: but the supplementary act gives to the appellee, the faculty of taking out execution, on adducing proof of the neglect to prosecute.
But the appellee contends that, unless he be permitted to bring up and file the transcript, he cannot obtain from this court, the damages and interest, not exceeding ten per cent, which the court may think a sufficient compensation, for the loss and prejudice, which he may have *221 suffered, in consequence of the appeal. These damages cannot be given, except on an affirmance of the judgment, and this affirmance cannot take place, if the appeal be not presented.
In the western circuit, the defendant, by praying and failing to prosecute his appeal, may delay the payment of his debt, for nine or ten months, without the risk of the damages, which the court may allow, in affirming the judgment. This is certainly an evil, but it is such a one, to which the legislature alone is competent to apply a remedy. We are not authorized, in order to avoid it, to devise the means of prosecuting an appeal by the appellee-of directing the mode, time &c. of his bringing the appellant before us. The transcript of the record, being brought by the appellee, cannot be received.